PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 51]

Name of Offender: <u>Eddie Glen Jones</u>      Case Number: <u>3:12-00129</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>March 22, 2013</u>

Original Offense: <u>18 U.S.C. § 2250(a), Failure to Register Under Sex Offender Registration and Notification Act</u>

Original Sentence: <u>18 months' custody followed by 10 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>      Date Supervision Commenced: <u>July 5, 2013</u>

Assistant U.S. Attorney: <u>S. Carran Daughtrey</u>      Defense Attorney: <u>R. David Baker</u>

---

### PETITIONING THE COURT

____  To issue a Summons.
____  To issue a Warrant.
__X__  To Consider Additional Violations/Information.

---

**THE COURT ORDERS:**
☐ No Action
☒ The Consideration of Additional Violations/Information
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this ___ day of ___Sept___, 2015,
and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
James Foster
U.S. Probation Officer

Place    Nashville, TN

Date    September 28, 2015

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 51, has been amended as follows:

> Violation No. 1 - has been amended to include an additional positive drug screen.
>
> Violation No. 5 - has been amended to include additional information regarding a previously reported charge.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |
| 1. | **The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.** |

On August 6, 2015, Mr. Jones submitted a urine sample which tested positive for the presence of cocaine, and subsequently admitted to having used crack cocaine every Friday, Saturday, and Sunday between approximately July 17 and August 3, 2015. Mr. Jones alleged that the drug was given to him free of charge by Perry O'Neal, a neighbor who resides in one of the apartments at the offender's current residence. According to the offender, his girlfriend, Jeanine Robinson, used crack cocaine with him on several occasions during that period.

**On September 25, 2015, Mr. Jones submitted a urine sample which tested positive for the presence of cocaine. Notably, he tested negative for the presence of any controlled substance on September 22, 2015. Mr. Jones denied having used any illegal drugs since his release from custody on September 22, 2015. When asked to account for the positive urine sample, he reported that he was in the presence of two unnamed individuals who were using cocaine at the Nashville Rescue Mission on the evening of September 23, 2015, and he believes traces of cocaine somehow entered his body due to his physical proximity to those individuals.**

| | |
| --- | --- |
| 2. | **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** |

In July 2015, Mr. Jones was terminated from his last reported employment position and changed residence, but did not report either of these changes until he was questioned by the probation officer on August 3, 2015.

According to Mr. Jones, in late June 2015, he began to suffer health problems related to his kidneys and consequently stopped reporting to his employment position as a machine operator at Fortune Plastics, in Lebanon, Tennessee. As confirmed by a representative of that company, the offender's employment was terminated on July 14, 2015, after several absences from work.

On approximately July 14, 2015, Mr. Jones moved from the residence of his girlfriend, Jeanine Robinson, to another residence, 315 East Forrest Avenue, in Lebanon. At approximately the same time, the offender obtained a new cellular phone number. However, Mr. Jones failed to notify the probation officer of his changes in residence and contact information. On July 29, 2015, the probation officer attempted to make contact with Mr. Jones at the residence of his girlfriend but was informed by Ms. Robinson that the offender had moved several weeks prior and changed his phone number. On August 3, 2015, the probation officer was able to make telephonic contact with Mr. Jones and questioned him regarding his whereabouts, at which time the offender reported his new address. Mr. Jones reported that Ms. Robinson asked him to move out of her residence following a Juvenile Court ruling dictating that she would not regain custody of her children, who had been placed into foster care in relation to a now-closed domestic violence investigation, if Mr. Jones continued to reside with her.

3. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

Mr. Jones had contact with law enforcement personnel on several occasions between October 2014 and the date of this report, but failed to report those contacts to the probation officer within 72 hours of their occurrence.

On October 9, 2014, Mr. Jones called the Lebanon Police Department requesting that an officer be dispatched to the residence of his girlfriend, Jeanine Robinson, to escort from the premises her adult son, Steven Robinson, who had reportedly demanded that the offender leave. No arrests or citations resulted from that contact, which the offender failed to report to the probation officer. Mr. Jones later claimed that the events were so emotionally upsetting that he forgot to contact the probation officer to report the matter. The probation officer issued to the offender a letter admonishing him for his noncompliance and reviewed with him the condition of supervision ordering that he report all law enforcement contacts within 72 hours. Mr. Jones advised that he would henceforth comply with that condition.

On February 9, 2015, Mr. Jones was issued a citation for Driving on a Suspended License, but failed to report that incident to the probation officer within 72 hours.

On May 26, 2015, as a sex offender residing in the state of Tennessee, Mr. Jones began registry oversight under Detective Jason Bringhurst of the Lebanon Police Department. The offender met with Detective Bringhurst on that date and was issued reporting instructions, but failed to report that contact to the probation officer.

During a meeting with the probation officer on August 6, 2015, when questioned as to why he failed to report the aforementioned law enforcement contacts, Mr. Jones cited fear of getting into trouble and forgetfulness stemming from several major life events, including the onset of health problems and the loss of his job.

4. **The defendant shall not commit another federal, state, or local crime.**

On February 8, 2015, Mr. Jones was cited for the charge of Driving On a Suspended License (TCA 55-50-504, a Class B misdemeanor).

The following information was obtained from a report prepared by the Lebanon Police Department (Case No. 2015006944). On the evening of February 8, 2015, while driving in Lebanon, Mr. Jones failed to stop for a stop sign and was pulled over by an officer of the

    Lebanon Police Department. A record check revealed that his license had been suspended after he failed to file for insurance following a criminal conviction in 1998. Mr. Jones was cited as noted above and is next scheduled to appear in Wilson County General Sessions Court on October 12, 2015.

5.

    **The defendant shall not commit another federal, state, or local crime.**

    On August 25, 2015, Mr. Jones was charged with five counts of Violation of Sex Offender Registration (TCA 40-39-208, a Class E felony).

    The following information was provided by Detective Jason Bringhurst of the Lebanon Police Department, who began overseeing Mr. Jones's registration on May 26, 2015, in relation to his prior conviction as a sex offender. Amongst the conditions of his supervision as a registered sex offender, Mr. Jones must report in person to Detective Bringhurst every month, report any significant changes regarding his residence or contact information, and abide by restrictions concerning the location of his residence. With regard to residential restrictions, Mr. Jones may not knowingly establish a residence within 1,000 feet of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public.

    According to Detective Bringhurst, Mr. Jones failed to report in person during June and July of 2015. The offender changed his phone number in July 2015, but failed to report that change to Detective Bringhurst. Additionally, after Mr. Jones changed his residence on approximately July 14, 2015, he failed to report his new residence to Detective Bringhurst. According to Detective Bringhurst, the offender's new residence was located less than 1,000 feet from a playground open to the public, on the property of a church affiliated with the Salvation Army, at 715 Lake Street, in Lebanon.

    On August 25, 2015, Mr. Jones was arrested by officers of the Lebanon Police Department in relation to the aforementioned charges, and was subsequently released on bond totaling $5,000. **He was arraigned in Wilson County Criminal Court on September 25, 2015 (Case No. 15-cr-925). As of the date of this report, that court's records have not yet been updated to reflect Mr. Jones's next appearance date.**

**Compliance with Supervision Conditions and Prior Interventions:**
Eddie Glenn Jones began supervision in the Middle District of Tennessee on July 5, 2013, and is scheduled to terminate supervision on July 4, 2023. He is currently unemployed.

Between July 2014 and March 2015, Mr. Jones was the subject of a Juvenile Court investigation regarding an allegation of domestic violence. Although that investigation ultimately found no wrongdoing on the part of the offender, the circumstances of that investigation are summarized as follows. On July 15, 2014, Nakia Robinson (age 14), daughter of the offender's girlfriend, Jeanine Robinson, alleged that she had awoken the previous night to find Mr. Jones standing above her and fondling himself. That accusation reportedly precipitated a physical confrontation between Mr. Jones and his girlfriend's adult son, Chris Robinson, wherein Chris Robinson reportedly punched Mr. Jones. Following the initial investigation of that confrontation and the step-daughter's accusation, the step-daughter reportedly admitted that the accusation was unfounded. However, the matter continued to be investigated by the Tennessee Department of Children's Services and two of Ms. Robinson's children, Nakia and Jonquil Robinson (Ms. Robinson's juvenile son), were placed in foster care while the case remained open. The investigation was closed on March 18, 2015, having determined that there was no wrongdoing on the part of Mr. Jones. However, Ms. Robinson's juvenile children remained in foster care due to issues raised regarding the appropriateness of returning them to Ms. Robinson's custody

while Mr. Jones continued to reside with her. Ultimately, on July 9, 2015, it was ordered that Ms. Robinson's children would be returned to her custody only if it could be clearly determined that Mr. Jones no longer resided with her. As of the date of this report, Mr. Jones states that he has not resided with Ms. Robinson since approximately July 14, 2015, and Ms. Robinson's children remain in foster care.

On June 21, 2015, Mr. Jones was admitted to University Medical Center in Lebanon, where he was diagnosed with Acute Renal/Kidney Failure, and continues to receive periodic outpatient treatment for that condition. On June 22, 2015, Mr. Jones declared Chapter 7 Bankruptcy in U.S. Bankruptcy Court for the Middle District of Tennessee (Case No. 3:15-bk-01687).

**Update of Offender Characteristics:**

**On September 5, 2015, the Probation Office requested a warrant be issued for Mr. Jones, to appear before the Court to answer the previously reported violation behavior. A warrant was ordered by Your Honor and Mr. Jones was arrested by the U.S. Marshals Service at his residence on September 15, 2015. Notably, it was necessary for the U.S. Marshals to force entry into the residence to serve the arrest warrant. On September 22, 2015, a Detention and Preliminary Hearing was held before Magistrate Judge Barbara D. Holmes. The Magistrate Judge ordered that Mr. Jones be released on his own recognizance with no bond posted, and remain subject to all previously-ordered supervised release conditions and several additional conditions of bond, pending his appearance before Your Honor to hear his supervised release violations.**

**Amongst the conditions ordered by the Magistrate Judge were that Mr. Jones must reside at the Nashville Rescue Mission pending his location of a permanent residence that met all other imposed conditions, may not change his address or move without the permission of the Court, and must report to the Probation Office daily (Monday through Friday) at 8:00 a.m. When Mr. Jones reported to the Probation Office on the mornings of September 23 and 24, 2015, he stated that he had resided at the Mission since his release from custody. On the evening of September 24, 2015, the probation officer visited the Nashville Rescue Mission to inquire regarding Mr. Jones's status there. According electronic admission records, he had not stayed at the Nashville Rescue Mission since January 23, 2015, and when shown a photograph of Mr. Jones, staff at the facility denied recognizing him. Later on the evening of September 24, 2015, the probation officer learned from Mr. Jones's daughter, Brenda Jones, that he had resided at her apartment in Antioch, Tennessee, on the evening of September 23, 2015. On the morning of September 25, 2015, Mr. Jones reported that he stayed at the residence of friends in Lebanon, Tennessee, on the evening of September 24, 2015. At no point since his release on bond had Mr. Jones requested permission, or been approved by the probation officer, to reside at any location other than the Nashville Rescue Mission. Despite having resided in both Davidson and Wilson Counties while released on bond, Mr. Jones failed to register with any local law enforcement agency in either county during that period.**

**On September 25, 2015, Assistant U.S. Attorney S. Carran Daughtrey filed a motion requesting that a hearing be held to reconsider and revoke Mr. Jones's bond, based upon his violation of the aforementioned release conditions. On that date, Magistrate Judge Holmes found probable cause that Mr. Jones had violated several of those conditions and ordered that his bond be revoked, pending a revocation hearing before Your Honor, currently scheduled to take place on October 2, 2015.**

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that this additional information, and the additional violations, be considered when Mr. Jones appears before Your Honor on October 2, 2015. This information has been reported to Assistant U.S. Attorney S. Carran Daughtrey, who concurs with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. EDDIE GLEN JONES, CASE NO. 3:12-00129

**GRADE OF VIOLATION:** B
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | Any term not less than 5 years to life 18 U.S.C. § 3583(k) | 5 years to life U.S.S.G. § 5D1.2(b)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the offender to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the offender is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the offender be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(1), upon a finding a Grade B violation, the Court shall revoke supervised release.

Respectfully Submitted

_____
James Foster
U.S. Probation Officer


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer